**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) LARRY TUBBS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 08-CV-1014-F** |
| **(2) COMMERCE & INDUSTRY** | ) | |
| **INSURANCE COMPANY, and** | ) | |
| **(3) AIG DOMESTIC CLAIMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION AND BRIEF TO EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT, JIM SCHRATZ**

Plaintiff hereby moves this court to exclude the testimony of defendants' expert, Jim Schratz, since his testimony will not assist the jury, invades the court's providence in instructing the jury, and it appears from his report that there is no other basis for the expert's opinions other than his "experience" and *selected* entries in the claim file.[1]

In support of the instant motion plaintiff incorporates his brief in support appearing below.

**BRIEF IN SUPPORT**

**I. Introduction**

The court is most aware of the issues involved in this case based on the pleadings filed and the information provided at the various hearings, therefore plaintiff will not take up the court's time with a prolonged history of the litigation. Suffice to say, this case

[1] Plaintiff is uncertain at this time whether the expert's reference to certain claim entries are to materials that were redacted from the claim file. Plaintiff has requested clarification from defendants' counsel in that regard. **See Exhibit "1", email to Michelle Skeens.** Plaintiff has not received a response from Ms. Skeens and due to other pressing matters that need to be addressed prior to leaving the office he must file the instant motion at this time.

involves whether the defendants' refusal or failure to comply with orders issued by the Workers' Compensation Court equates to bad faith.

## II. Expert's Report and Opinions

Defendants have retained Jim Schratz as their expert.[2] Mr. Schartz's report, Exhibit "3" at RBR 1-3, speaks of his background and *his* analysis of the definition of bad faith, which appears to be based mostly on his "experience".

> **Based on my experience over the past 28 years connected with the insurance industry, and based on the experience described above, it is my opinion that while various state laws may differ, i.e. some states describe the standard for proper claims handling as a "reasonableness" standard, while other states may require the conduct be "vexatious" or "arbitrary," the standard that the carriers use in the industry is a national standard: reasonableness. Based on a review of thousands of claims files and numerous claims manuals or "Best Practices Guidelines," it is clear that carriers hold their own adjusters to a standard of reasonableness or fairness. Put another way, the investigation must be reasonable or "fair". Numerous courts have attempted to "flesh out" this standard by stating that the insurance company must give as much weight to**

In his report, RBR 3, he discusses the methodology he used to determine if the defendants *"met the industry standard for proper claims handling"*. It is interesting to note that the methodology does not involve citation or reference to pertinent sections of the Workers' Compensation Act dealing with a respondent's duty to satisfy a court order within a specified period of time. It is also interesting that Mr. Schratz fails to mention certain pertinent facts under the "Background" heading of his report.

Plaintiff recalls at the first hearing, defendant's counsel stated that initially defendant thought that the computer requested had too many options and the purchase request was denied. This statement is supported by the 2/21/08 and 12/15/08 LDH reports (specifically the 2/21/08 report), in which LDH clearly discusses the defendant's *refusal* to purchase the computer on more than one occasion.

---

[2] His CV is attached as **Exhibit "2"**. His report is attached as **Exhibit "3"**.

> On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP Basic, Hardware I, and Hardware II classes. He was awaiting a computer to complete the Keyboarding class and the Windows XP II class.

**Exhibit "4", 12/15/08, LDH report.**

> **ACTIVITIES WEEK OF2/22/08**
>
> On February 20, 2008, we sent a letter to the Court and both attorneys requesting guidance and clarification regarding the computer purchase. We advised that a computer package recommendation under $1,200.00 had been sent to AIG and denied. We have not yet received a call from the respondent's attorney.

**Exhibit "5", 2/21/08 LDH report.**

These facts do not appear in Mr. Schratz's report. He also fails to discuss or address the March 26, 2008 Workers Compensation Order (**Exhibit "6"**), which Mr. Tubbs had to secure since defendants failed to comply with the November 13, 2007 order, and it is unclear whether his references to certain claim entries come from the redacted portion of the claim file.[3]

Expert testimony is allowed only when it will assist the jury to understand the evidence presented by the parties.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. ***Federal Rules of Evidence Rule 702, 28 U.S.C.A.***

[3] **See Exhibit "1".**

In the present case the expert's opinions, Exhibit "3" at RBR 5-6, appear to be nothing more than personal opinions not supported by any legal authority or accepted principles in the context of workers' compensation bad faith. For example, he states *"Through no fault of AIG Dell Computer required payment in advance and neither Mr. Tubbs, nor his attorney, nor LDH would make such an advance payment and then seek reimbursement from AIG"*. It is unexplained by the expert why AIG would not be familiar with the concept that a vendor requires payment from an individual consumer before shipping its product.

> The trial court's gatekeeping function requires more than simply "taking the expert's word for it." *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough."). The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. *See O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994) (expert testimony based on a completely subjective methodology held properly excluded). *See also Kumho Tire Co. v. Carmichael*, 119 S.Ct . 1167, 1176 (1999) ("[I]t will at times be useful to ask even of a witness whose expertise is based purely on experience, say, a perfume tester able to distinguish among 140 odors at a sniff, whether his preparation is of a kind that others in the field would recognize as acceptable."). ***Comment to Federal Rules of Evidence Rule 702, 28 U.S.C.A.***

The expert does not cite to, nor has plaintiff found, any particular section of the Workers' Compensation Act, that requires the claimant, the claimant's attorney, or a third party to pay court ordered benefits and then seek reimbursement from the respondent. Absent citation to recognized or accepted authority for the opinion, his opinion justifying defendants' actions is nothing more than his personal opinion that such conduct was reasonable and therefore does not equate to bad faith. There is no legal basis for the

opinion, that plaintiff can discern, based on Oklahoma jurisprudence, and therefore by definition the testimony is unsupported and unreliable.[4]

His final opinion is that AIG *"promptly issued a check on August 14, 2008.*[5] *At no time did AIU refuse to pay for the computer or deny the claim...it appears that AIU thought that LDH was going to pay for the computer and then seek reimbursement from AIU"*. Again, this opinion appears to be nothing more that Mr. Schartz's personal opinion. The opinion runs afoul of well established law that the duty of good faith and fair dealing is a nondelegable duty and the carrier cannot avoid liability for its breach of good faith by delegating its obligations to another. ***Timmons v. Royal Globe Ins. Co., 653 P.2d 907 (Okla. 1982).***

The opinions expressed in his report will not assist the jury in this case, since this court will properly instruct the jury on the law and the jury is most capable of determining whether the defendants failed to timely comply with the orders at issue, and

---

[4] "Rule 702 has been amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to the many cases applying *Daubert*, including *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999). In *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based in science. *See also Kumho*, 119 S.Ct. at 1178 (citing the Committee Note to the proposed amendment to Rule 702, which had been released for public comment before the date of the *Kumho* decision). The amendment affirms the trial court's role as gatekeeper and provides some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony. Consistently with *Kumho*, the Rule as amended provides that all types of expert testimony present questions of admissibility for the trial court in deciding whether the evidence is reliable and helpful. Consequently, the admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987)." ***Comment to Federal Rules of Evidence Rule 702, 28 U.S.C.A.***

[5] The defendants were required to comply with the November 13, 2007 order, which required the purchase of the computer. His opinion that by *"promptly"* issuing a check on *"August 14, 2008"* equates to *"prompt"* claim handling and compliance with the November 13, 2007 order finds no basis in fact or authority. The opinion, as plaintiff interprets it, also infers that defendants supplied the computer to Mr. Tubbs in August, which is not the case. In the Joint Status Report And Discovery Plan (Document #46), at section 3, defendant stipulated that *"Mr. Tubbs received the computer sometime after October 1, 2008."* The inference contained within the opinion is either based on a sloppy review of the facts, or it was made with the intent to mislead the court and the jury. Whichever the case may be, defendants' reliance on the statement is most troubling based the record before this court.

if they did not, whether their stated reasons for not doing so are reasonable. ***North American Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc. 2007 WL 2688167, *2 (E.D.Okla.) (E.D.Okla.,2007).***

This case does not involve complex scientific or technical issues. Mr. Schratz's opinions do not provide scientific or technical information, and they certainly fail to educate the jury with special knowledge that the jury otherwise does not already possess, or which they will not be apprised of by the court's instructions. The orders speak for themselves. Oklahoma law mandates compliance with the orders at issue unless otherwise indicated by timely appellate review. The jury can most certainly read and understand the orders at issue, and they certainly do not need to be instructed by an expert that resides in California as to applicable Oklahoma law (a function reserved for this court).

> We conclude that the opinion that Bigelow would have offered was not properly the subject of "scientific, technical, or other specialized knowledge." Fed.R.Evid. 702. Bigelow's opinion regarding whether the parties *intended* to enter a lending relationship or a joint venture relationship was not admissible. The intent of the parties is an issue within the competence of the jury and expert opinion testimony will not assist the jury, within the meaning of Federal Rule of Evidence 702, in determining the factual issue of intent. Bigelow's opinion concerning whether the parties created a loan relationship rather than a "joint venture" was likewise inadmissible. The legal concepts of "loan" and "joint venture" are issues of law and are within the *sole* competence of the court; "experts" may not testify as to the legal effect of a contract. Thus, Bigelow's proposed expert testimony was properly excluded. *See, e.g., Innes v. Howell Corp.,* 76 F.3d 702, 711 (6th Cir.1996). ***CMI-Trading, Inc. v. Quantum Air, Inc. 98 F.3d 887, 890 (C.A.6 (Mich.),1996)***

Based on plaintiff's reading of Mr. Schratz's opinions, he offers nothing more to the jury than his personal opinions that the defendants' actions were reasonable. In other words, the defendant "seeks to introduce evidence as to how one person who, admittedly, has been involved in the insurance industry for many years views a series of

communications between" the defendants and third parties to.[6] "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process". ***Zarecki v. National R.R. Passenger Corp., 914 F.Supp. 1566, 1574 (N.D. Ill. 1996) quoting Mid-State Fertilizer, 877 F.2d at 1339.***

**Conclusion**

The relevant inquiry is whether defendants' expert will provide scientific or technical knowledge, pursuant to the requirements of Rule 702, that would assist the jury in considering defendants proffered reasons for failing to abide by orders issued by the Workers' Compensation Court. Plaintiff submits that Mr. Schratz's opinions fail miserably in that regard. The jury can certainly understand and apply OUJI 22.2, as modified by the court, without resorting to or relying on Mr. Schratz's opinions.

The court should exclude his testimony.

Respectfully submitted,

s/ Rick Bisher
RICK W. BISHER, OBA#12215
RYAN BISHER RYAN
4323 NW 63rd St., Suite 110
Oklahoma City, Oklahoma 73116
Telephone: (405) 528-4567
Facsimile: (405) 525-2123
rbisher@rbrlawfirm.com

and

J. Derek Ingle, OBA#16509
RYAN BISHER RYAN
1516 South Boston Ave., Suite 210
Tulsa, Oklahoma 74119
(918)-627-4567

[6] ***North Star Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp.2d 1140, 1148 (D.Minn., 2003)***, where the court excluded the plaintiff's expert pursuant to Rule 702.

(918)-627-5196 Facsimile

Attorneys for Plaintiff, Larry Tubbs

**CERTIFICATE OF SERVICE**

I, Rick Bisher, hereby certify that the instant pleading was transmitted electronically to the Clerk of the Court using ECF System for filing and transmittal of a notice of electronic filing to the following ECF registrants this 26th day of June, 2009:

Michelle Skeens

J. Derek Ingle

s/ Rick Bisher__________
RICK W. BISHER