IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY TUBBS, Plaintiff, | ) | |
| v. | ) | Case No. CIV-08-1014-F |
| COMMERCE & INDUSTRY INSURANCE COMPANY, AND AIG DOMESTIC CLAIMS, INC. Defendant. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT COMMERCE & INDUSTRY'S FIRST DISCOVERY REQUESTS TO PLAINTIFF**

COMES NOW, Plaintiff LARRY TUBBS, and for his Responses to Defendant's First Interrogatories, alleges and states as follows:

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state the name, home address, social security number, date of birth, home telephone number, business address and business telephone number of each and every individual who is answering, gathering the information for, or assisting in gathering these interrogatories.

**RESPONSE:** These Answers were prepared by Plaintiff and his attorneys.

**INTERROGATORY NO. 2:** Please state the name, address and telephone number of each and every person who has knowledge of any of the allegations contained in your Petition and/or First Amended Complaint, whether you intend to call such person as a witness in this case or not, and give a brief synopsis of what you understand each person's knowledge of the allegations to be.

EXHIBIT
1

RESPONSE: Objection. This Interrogatory is overbroad. Discovery is ongoing and Plaintiff has not yet identified all witnesses who will be called in the trial of this matter. Further, Plaintiff reserves the right to more fully respond when the Court requires any Witness / Exhibit lists. Additionally, Defendants have not yet produced the entire claim file. Witnesses and others with information may be identified once the claim file is produced. Without waiving these Objections, Plaintiff offers the following witnesses who may be called in the trial of this matter:

Larry Tubbs – Plaintiff.

Raymond & Lois Veal – Plaintiff's sister and brother-in-law. Will testify regarding Plaintiff's attempts at obtaining computer, completing rehabilitation and damages.

Tony Link – Plaintiff's workers' compensation attorney.

Lon Huff and other representatives of LDH Consultants – Court appointed rehab coordinator and Plaintiff's economic damages.

Honorable Mary Black – Workers' Compensation Judge.

Representatives of Commerce & Industry including but not limited to all adjustors involved with Plaintiff's workers' compensation claim.

Representatives of AIG including but not limited to all adjustors involved with Plaintiff's workers' compensation claim.

Representatives of Compchoice including but not limited to all adjustors involved with Plaintiff's workers' compensation claim.

Representatives of Great Plains Technology Center including but not limited to Barbara Neol and Ms. Bonner.

Representatives of Perrine McGivern law firm

**INTERROGATORY NO. 3:** Have you ever been a party to any litigation, civil or criminal, including bankruptcy proceedings? If so, state:

a. the court, style and case number of the case;

b. a brief synopsis of each litigation; and

c. The disposition of any such litigation or charges.

**RESPONSE:** Objection. This Interrogatory is overbroad and not calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff provides the below list of cases. However, the Plaintiff objects to the below cases being introduced at trial as they are not relevant and not admissible. Plaintiff will also state that he has had various traffic citations and cannot recall the specifics regarding them. The below list may not be comprehensive, but is to the best of Plaintiff's memory. He does not recall any bankruptcy proceedings.

1) State v. Tubbs, Commanche County, [redacted]
2) State v. Tubbs, Commanche County, [redacted]
3) Bunnie Jordan v. Tubbs, Commanche County, [redacted]
4) DHS v. Tubbs, Commanche County, [redacted]
5) Tubbs v. Trace, Inc. and Commerce & Industry, WCC
6) Tubbs v. Midwest Wrecking Co., Commanche County, CJ-2008-7
7) Tubbs v. Commerce & Industry & AIG – current litigation.

**INTERROGATORY NO. 4:** Please state whether the plaintiff has received any monetary compensation from any other party or entity as a result of the allegations described in your Petition and/or First Amended Complaint. If so, indicate the amount compensated, what

was compensated, what was compensated, and whether any compensating entity has a subrogation interest.

RESPONSE: None as to the bad faith allegations. Plaintiff did receive monies with regard to his workers' compensation case against Trace, Inc. Plaintiff has a pending 3rd Party claim against Midwest Wrecking related to his on-the-job injury but has not received any compensation as a result of that case. No person or entity has expressed any subrogation interest in this bad faith litigation.

INTERROGATORY NO. 5: Identify each and every individual employed by Commerce & Industry Insurance Company or AIG Domestic Claims, Inc. with whom you have spoken regarding the allegations or claims as set forth in your Petition and/or First Amended Complaint herein.

RESPONSE: Objection. This Interrogatory is overbroad. Plaintiff cannot recall every person employed by Defendants with whom he spoke. Plaintiff does recall conversations with Julie Roberts and Carrie Sartain regarding his workers' compensation claim. Plaintiff specifically recalls a particular conversation with Julie Roberts wherein she told Plaintiff that "*it must be great not to have to do anything but sit around the house.*"

INTERROGATORY NO. 6: State with specificity each and every item of damages, including amounts, claimed in your Petition and/or First Amended Complaint and list the persons, if any, including addresses and telephone numbers with knowledge of any respective item of damage being alleged.

RESPONSE: Lost Wages – amount unknown. Emotional Distress – amount unknown. Punitive Damages – amount unknown. Plaintiff reserves the right to supplement and amend as discovery continues.

<u>INTERROGATORY NO. 7:</u> Identify any and all documents relevant to or relating to the allegations contained in your Petition and/or First Amended Complaint including correspondence, calendars, diaries, journals, photographs, videotapes, audiotapes, movies, photographic depictions or any other document so related.

<u>RESPONSE:</u> Objection. Plaintiff still has not received the entire claim file which may contain documents relating to the allegations. Without waiving this objection, any and all documents in Plaintiff's possession which are responsive to this Interrogatory are attached to his Responses to Requests for Production.

<u>INTERROGATORY NO. 8:</u> Please explain in detail the factual basis for your claim that the Defendants committed bad faith in the handling of your worker's compensation claim, as stated in your First Amended Complaint.

<u>RESPONSE:</u> Objection. Defendant still has not produced the entire claim file. Consequently, Plaintiff is not able to state all the facts that form the basis for the bad faith claim. Without waiving this objection, Plaintiff will state that during the course of his workers' compensation claim, he was told by Julie Roberts, adjustor for AIG, that "*it must be great not to have to do anything but sit around the house.*" Plaintiff complained about this comment and Ms. Roberts was replaced with another adjustor. Further, during the course of the workers' compensation claim, Defendants retained Compchoice to assist in the handling of the workers' compensation claim. Compchoice, without any authority from the workers' compensation court, requested that Dr. Munneke prepare a PPD evaluation of the Plaintiff. This PPD evaluation was done without the approval of the workers' compensation court which is a clear violation of established workers' compensation procedure and was not allowed. Further, in November 2007 and March 2008, the workers' compensation court ordered Defendants to provide Plaintiff a

computer of not more than $1,200. Defendants refused to follow these clear and direct orders. As the reports from LDH illustrate, Defendants wholly failed to cooperate in the process of providing a computer to Plaintiff. For instance, Defendants repeatedly failed to return phone calls, provided contradictory information, and generally acted in bad faith towards the Plaintiff. Defendants did not provide a computer to Plaintiff until October / November 2008 – nearly 1 year after the 1st Order directing Defendants to provide a computer to the Plaintiff.

<u>INTERROGATORY NO. 9:</u> Please state with specificity the factual basis for your allegation that the Defendants acted intentionally and/or recklessly thereby entitling you to punitive damages.

<u>RESPONSE:</u> Objection. Defendant still has not produced the entire claim file. Consequently, Plaintiff is not able to state all the facts that form the basis for the punitive damages claim. Without waiving this objection, Plaintiff refers to his Answer to Interrogatory No. 8. Plaintiff also refers to the documents attached to his Responses to Request for Production including, but not limited to the several reports of LDH and the PPD report from Dr. Munneke wherein the Court made hand-written notes.

<u>INTERROGATORY NO. 10:</u> Identify with particularity all injuries received as a result of the alleged conduct of the Defendants.

<u>RESPONSE:</u> Plaintiff has suffered lost wages, emotional distress and punitive damages as a result of the bad faith conduct of the Defendants. Exact amounts of the injuries are not known at this time.

<u>INTERROGATORY NO. 11:</u> State the name, address and telephone number of each and every doctor, health care provider, medical technician, hospital, medical institution, clinic, psychologist, psychiatrist or any other medical provider which has provided services or products

to plaintiff for any medical or mental condition which you claim to be related to the actions and/or First Amended Complaint. Please also indicate what services or products were provided and the reason those services or products were provided, and the date(s) on which they were provided.

RESPONSE: Plaintiff has not received any medical treatment to date as a result of the bad faith actions of the Defendants. Plaintiff reserves the right to supplement and amend as discovery continues.

INTERROGATORY NO. 12: Please list each and every medical expense, by provider, and the date on which it was incurred, that you allege was incurred as a result of the actions and/or omissions of the Defendants as described in your Petition and/or First Amended Complaint.

RESPONSE: Plaintiff to date has not incurred any medical expenses as a result of the bad faith actions of the Defendants. Plaintiff reserves the right to supplement and amend as discovery continues.

INTERROGATORY NO. 13: Please state the name and address of any proposed expert witness whom you intend to call at the trial of this matter, and for each person so identified please state and provide the following:

a. His profession or occupation and the filed in which he is an expert;

b. The subject matter on which he is expected to testify;

c. The substance of the facts and opinions to which he is expected to testify;

d. A summary of the grounds for each opinion to which he is expected to testify;

e. Identify any and all records, documents, reports, photographs, diagrams, or other materials which he has reviewed and upon which he bases any of his opinions and conclusions;

f. Identify any and all articles, treatises, papers, publications, and/or other documents relied upon by him in the preparation of his opinions and conclusions; and identify any and all written reports, letters, or other communications, both in draft and in final form, prepared by him or at his direction, which set forth any or all of his opinions and conclusions and identify to whom the reports, letters, or other communications were made.

**RESPONSE:** Plaintiff has not retained any experts at this time.

**INTERROGATORY NO. 14:** State whether you have, within the last 10 years, ever pled guilty to or been convicted of a felony or a crime involving dishonesty or false statement, and if so, state the crime or felony and the date and place of conviction or guilty plea.

**RESPONSE:** To the best of Plaintiff's knowledge, he has not pled guilty or been convicted of a felony or crime involving dishonesty or false statement within the last 10 years. See Answer to Interrogatory No. 3.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Produce any and all bills, receipts, invoices or other documents of any nature evidencing damages allegedly incurred by you for which you seek to recover in this litigation.

**RESPONSE:** Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

<u>REQUEST NO. 2:</u> Produce any and all documents referred to or utilized in answering Defendant's First Set of Interrogatories to the Plaintiff.

<u>RESPONSE:</u> Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

<u>REQUEST NO. 3:</u> Produce each and every document upon which you rely or intend to rely upon at trial in support of the allegations contained in your Petition and/or First Amended Complaint.

<u>RESPONSE:</u> Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

<u>REQUEST NO. 4:</u> Produce each and every document received by you from any employees of either Commerce and Industry Insurance Company or AIG Domestic Claims, or any of its agents and/or representatives, with regard to the claim which is the subject of your Petition and/or First Amended Complaint.

<u>RESPONSE:</u> Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

<u>REQUEST NO. 5:</u> Produce the curriculum vitae, a brief outline of the substance of the facts and opinions, as well as all records, correspondence, documents, reports, photographs, diagrams and notes provided to or reviewed by and prepared by, all expert witnesses who will or may be called to testify on you behalf in this matter.

**RESPONSE:** Plaintiff has not retained any experts. Plaintiff will supplement if necessary.

**REQUEST NO. 6:** Produce all documentation and other things as support your claim against Commerce and Industry Insurance Company and AIG Domestic Claims, Inc. referred to in your Petition and/or First Amended Complaint.

**RESPONSE:** Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

**REQUEST NO. 7:** Produce a copy of all correspondence, emails, memoranda, or any other documents sent by you and/or on your behalf to Commerce and Industry Insurance Company or AIG Domestic Claims which relates to your claims asserted in this litigation.

**RESPONSE:** Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

**REQUEST NO. 8:** Produce a copy of all correspondence, e-mails, memoranda, or any other documents received by you and/or anyone your behalf from Commerce and Industry Insurance Company or AIG Domestic Claims which relates to your claims asserted in this litigation.

**RESPONSE:** Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

**REQUEST NO. 9:** Please produce all medical records, reports, documents, x-rays and results of any radiographic procedures which support allegations that you sustained personal

injuries as a result of the conduct of the Defendants described in your Petition and/or First Amended Complaint.

RESPONSE: At this time, Plaintiff has not received any medical treatment as a result of Defendants' bad faith actions.

REQUEST NO. 10: Produce all medical bills you allege to have incurred as a result of the conduct of the Defendants described in your Petition and/or First Amended Complaint.

RESPONSE: At this time, Plaintiff has not incurred any medical expenses as a result of Defendants' bad faith actions.

REQUEST NO. 11: Produce a copy of any diary, journal, ledger, notes or any other forms of documentation regarding the conduct of the Defendants described in your Petition and/or First Amended Complaint.

RESPONSE: Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

REQUEST NO. 12: If you are making a lost wage or reduced earning, capacity claim, please produce all state and federal income tax returns, including W-2's and Form 1099's during the years 2001 through the present.

RESPONSE: None in Plaintiff's possession.

REQUEST NO. 13: Produce all documents and other things identified in response to any interrogatory propounded contemporaneously with the Request.

RESPONSE: Any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

REQUEST NO. 14: Produce all documents and other things intend to offer into evidence as an exhibit at trail.

RESPONSE: Objection. Plaintiff has not yet identified which documents or other tangible things will be produced at the trial of this matter. Without waiving this objection, any and all documents which are responsive to this Request, in Plaintiff's possession and not otherwise objected to will be made available for inspection and copying (at Defendant's expense) at a mutually convenient time.

Respectfully submitted,

*s/ J. Derek Ingle*

J. Derek Ingle, OBA# 16509
RYAN BISHER RYAN
1516 South Boston Avenue, Suite 210
Tulsa, Oklahoma 74119
(918)627-4567-Telephone
(918)627-5196-Facsimile

## Certificate of Service

On the 17th day of March, 2009, a true and correct copy of the foregoing was served via ECF filing to:

Steven E. Holden
Michelle Skeens
Holden Carr & Skeens
9 East 4th Street, Suite 200
Tulsa, Oklahoma 74103

*s/ J. Derek Ingle*

## VERIFICATION

STATE OF OKLAHOMA )
) ss.
COUNTY OF Comanche )

I, **Larry Tubbs**, being of lawful age, duly sworn upon oath, depose and state: that I have read the above and foregoing Responses to Interrogatories, know the contents thereof and that the facts stated therein are true and correct to the best of my knowledge and belief.

Larry Tubbs
**Larry Tubbs**

Signed and dated this 16TH day of MARCH, 2009.

Notary Public #02018146

(SEAL)

My Commission Expires: 11-16-2010