Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

**LDH**
CONSULTANTS INC.

Ann Chipman
Vice President

August 28, 2007

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. "Tony" Link | Attorney: | David P. Reid |
| Consultant: | Lon Huff | Ins. Carrier: | Commerce & Industry Insurance Company |
| SS#: | [redacted] | WCC#: | 2006-02077-R |
| DOI: | January 26, 2006 | LDH #: | V07-0186 |

## VOCATIONAL EVALUATION

### NARRATIVE

Mr. Larry Tubbs was referred to **LDH Consultants, Inc.** by Judge Mary Black, of the Workers' Compensation Court, to perform a vocational rehabilitation evaluation, including recommendations for vocational retraining plans, if appropriate, and to determine transferable skills. This evaluation, which occurred at the Oklahoma City office of **LDH Consultants, Inc.**, on July 17, 2007 , consisted of a personal interview with the claimant, a review of available medical information, a transferable skills analysis, vocational testing, and contact with various training facilities. This report presents an integrated analysis of all these factors as they relate to Mr. Tubbs' rehabilitation potential.

**Direct Referrals or Inquiries to:**
Regency Center Office Park
701 Northwest 63rd Street, Suite #104
Oklahoma City, Oklahoma 73116
Telephone: (405) 848-9306
Fax: (405) 848-9312
E-Mail: LDHCONSULT@AOL.COM

**"NAVIGATING REHABILITATION OBJECTIVES"**

**Tulsa Office**
4833 South Sheridan
Suite 409
Tulsa, Oklahoma 74145
Telephone: (918) 828-9726
Fax: (918) 828-9756
E-Mail: TULSALDH@AOL.COM

**INJURY-RELATED MEDICAL HISTORY**

On January 26, 2006, while employed as a custodian for Trace, Inc., Mr. Tubbs sustained injury to his head and back when he was struck in the head with a brick. Mr. Tubbs was sweeping the floor, when, in an adjacent area separated by a plastic barrier, a brick wall was being knocked out. A brick came through the plastic barrier, hitting Mr. Tubbs in the head. When hit, Mr. Tubbs jerked, hitting his back on a pillar. He experienced dizziness and was unable to complete his shift. Mr. Tubbs was taken, by ambulance, to the emergency room at Comanche County Memorial Hospital. A CT scan of his head was obtained, and he was taken off work.

A repeat CT scan was performed on January 29, 2006 and was referred to Anthony Orme, M.D. for follow-up. After examination on February 3, 2006, medications were prescribed. Mr. Tubbs returned to Dr. Orme on February 6, 2006, and was released to light-duty work. Because Mr. Tubbs was experiencing visual changes and headaches, referral for neurological evaluation was recommended.

On February 14, 2006, Mr. Tubbs was examined by Dr. Whiteside, medications were adjusted, and a lumbar MRI was recommended. The MRI was performed on March 13, 2006. Mr. Tubbs returned to Dr. Orme for follow-up. He returned to light-duty work, with restrictions.

On March 27, 2006, Mr. Tubbs was seen by Robert E. Tibbs, Jr., M.D., who reviewed the results of the MRI, which showed degenerative discs at L4-5 and L5-S1. Dr. Tibbs recommended Mr. Tubbs be referred to a physiatrist for treatment. Dr. Tibbs was of the opinion that Mr. Tubbs' lumbar degenerative disc disease was pre-existing, and not as a result of his January, 2006, injury. Dr. Tibbs felt Mr. Tubbs had reached maximum medical improvement regarding his lumbar spine, and he was released to return to work, with restrictions.

An MRI of his head was performed on May 4, 2006, and Mr. Tubbs underwent a Court-Appointed IME by John A. Munneke, M.D., on June 2, 2006. Continued conservative care was recommended, including medication, physical therapy, and possible epidural steroid injections.

On June 20, 2006, Mr. Tubbs was seen by Douglas W. Kaplan, M.D., who recommended medication for his headaches. Dr. Kaplan felt Mr. Tubbs had reached maximum medical improvement and could return to work, without restrictions. He continued to see Dr. Kaplan for medication maintenance.

Mr. Tubbs returned to Dr. Munneke for follow-up. Physical therapy was recommended. Mr. Tubbs participated in physical therapy and noted some improvement. When Mr. Tubbs

returned to Dr. Munneke on January 5, 2007, continued conservative treatment was recommended. Ultimately, Mr. Tubbs was referred for a Functional Capacity Evaluation, which was performed on February 21, 2007, and found that Mr. Tubbs could perform work at the medium category. On March 8, 2007, Dr. Munneke felt Mr. Tubbs was at maximum medical improvement.

On April 9, 2007, Mr. Tubbs was seen by Dr. Hugh G. McClure. At that time, Mr. Tubbs reported frequent headaches, occasional dizziness, and pain in his back. Following his examination of Mr. Tubbs, Dr. McClure felt that he would not be able to return to any type of work until vocational rehabilitation had been completed.

Mr. Tubbs returned to Dr. Munneke on April 27, 2007. Mr. Tubbs indicated that he continued to experience low back pain, radiating into his right hip and leg, and difficulty sleeping on his back. Dr. Munneke felt that the major cause of Mr. Tubbs' disability was related to his degenerative disc disease in his lumbar spine.

**RESIDUAL FUNCTIONAL CAPACITY**

Robert E. Tibbs, Jr., M.D., in his report dated March 27, 2006, states:

> "I would think that a ten pound weight restriction at this point from his back, is reasonable. He should have limited bending and lifting."

Douglas W. Kaplan, M.D., in a Follow-Up Evaluation, dated October 5, 2006, states:

> "From a headache standpoint he can work without restrictions."

The summary from the Functional Capacity Evaluation, dated February 21, 2007, determined that:

> "Larry performed a work level that meets all jobs up to and including the MEDIUM category, which is an occasional max of 50 lbs and a frequent max of 25 lbs.

In his report dated April 9, 2007, Dr. Hugh McClure indicated that he felt Mr. Tubbs:

> "...will be unable to return to any occupation he has been trained or experienced in performing. It is my opinion, he is a good candidate for vocational rehabilitation, and will be permanently totally disabled until if and when he participates in retraining or a job placement program to determine his permanent total disability status."



4068489312 LDH Consultants, Inc. 10:03:39 08-28-2008 4/11

John A. Munneke, M.D., in his report of April 27, 2007, states:

> "...as a result of his accident on the 26th of January, 2006, he did not sustain a permanent anatomical abnormality to his lumbar spine and, in my opinion, he has no disability or impairment that is directly attributable to his 1/26/06 injury."

A Court Order, filed July 3, 2007, awarding permanent partial disability benefits, finds and orders:

> "THAT as a result of said injury, claimant sustained 5 percent permanent partial disability to the HEAD and 12 percent permanent partial disability to the BACK (LUMBAR) with radiculopathy to the RIGHT LEG over and above 11% pre-existing disability..."

**CLAIMANT'S SUBJECTIVE COMPLAINTS**

Mr. Tubbs complains of stiffness in his low back. He can sit for only thirty minutes and estimates he can lift up to twenty to twenty-five pounds.

He indicates his right leg "burns." He also sometimes limps. He complains that his shoes wear quickly. Because of overcompensation, he is now having problems with his left leg.

Mr. Tubbs indicates that the pain awakens him every night and also affects his concentration.

Mr. Tubbs indicates that he walks one to one-and-a-half miles for exercize but suffers following his walk.

**MEDICATIONS**

Larry Tubbs was taking Zanaflex and Celebrex and now takes medication for high blood pressure and approximately two Advil each day.

**OTHER MEDICAL INFORMATION**

According to medical information reviewed in conjunction with this evaluation, Mr. Tubbs sustained injury to his back on October 22, 1993. He was treated conservatively and received an 11% permanent partial disability to the back.

An Order, dated August 18, 1994, finds and orders:



6/11 08-28-2008 10:03:57 LDH Consultants, Inc. 4058489312

"THAT as a result of said injury, claimant sustained 11 per cent permanent partial disability to the BODY AS A WHOLE due to injury to the BACK (WITH RADICULOPATHY TO THE LEFT LEG)..."

Additionally, Mr. Tubbs was involved in a pedestrian/vehicle accident and sustained injury to his left knee. He received conservative care and a settlement was awarded. Records indicate that in 1983, Mr. Tubbs was involved in a head-on car accident, sustaining injury to his back. He was treated at the emergency room at Comanche County Hospital and released.

Mr. Tubbs confirmed the above information. He has been diagnosed with high blood pressure. Mr. Tubbs is right-hand dominant. He wears reading glasses, but he is not color blind. He does not use a cane or wear a brace. However, he does have special insoles for his shoes. He reports no other health problems.

**EDUCATION**

Larry Tubbs went through the eleventh grade at MacArthur High School in Lawton, Oklahoma, but he did not graduate or obtain a GED. He has had no special training, licenses, union memberships, or military experience. He does not have a computer and is not computer literate. He does not type.

**EMPLOYMENT HISTORY**

Mr. Tubbs provided the following employment history:

| EMPLOYER | JOB TITLES/DUTIES | DURATION/WAGE |
|---|---|---|
| Trace Inc. | Custodian: Cleaning | $8.22 per hour 07/05- 06/07 |
| R. D. Long Construction Co. Fort Sill, Oklahoma | Laborer: Taking up and putting down railroad tracks | 08/93– |
| Midwest Oil Refinery | Laborer: Fire and hole washer, part of the cleaning crew | 1992–1993 |
| Lexington | Farm worker, cleaner, and orderly | 1987–1992 |

Between 1993 and his work at Trace, Inc., Mr. Tubbs worked at various self-employment

positions as a landscaper and washing/detailing cars. Most of his work as an adult has been as a laborer.

## TRANSFERABLE SKILLS ANALYSIS

Mr. Tubbs has very few transferable skills other than the ability to determine supplies needed for cleaning and check the quality of custodial work.

## RELEVANT SOCIAL INFORMATION

Larry Tubbs is a forty-eight-year-old, single male. He has one daughter, who was adopted by his parents. He lives with his father in Lawton. His father has been diagnosed with cancer, and Mr. Tubbs assists him. He plans on remaining in Lawton.

Mr. Tubbs has not applied for Social Security Disability and is not receiving workers' compensation benefits at this time.

Although he has a valid driver's license, his vehicle is in need or repair. He borrowed a vehicle to drive from Lawton to Oklahoma City for the evaluation. He reports a felony for which he served approximately eight-and-a-half years.

Prior to his injury, he enjoyed playing basketball, jogging, and lifting weights. In fact, he previously ran approximately five miles each day. He can no longer participate in those activities. He spends his time playing cards and chess.

## EXPRESSED VOCATIONAL INTERESTS

Mr. Tubbs could think of no specific interest, other than possibly carpentry or "building things." He has some interest in learning to operate the computer. He is willing to attend school if an appropriate program can be found. He feels that he was good at cleaning and organizing.

## VOCATIONAL TESTING RESULTS

The Beta III Intelligence Test was administered to Mr. Tubbs. The purpose of this test is to measure ability to learn and to provide a gross measure of intelligence. Mr. Tubbs' test results indicate he is functioning in the low-average range of intelligence.

A Wide Range Achievement Test was also given. This test measures word recognition, spelling skills and arithmetic ability. Mr. Tubbs scored at the high school level in reading, at the 6th grade level in spelling, and at the 5th grade level in arithmetic.

The Bennett Mechanical Comprehension Test measures the ability to perceive and understand the relationship of physical forces and mechanical elements in practical situations. Mr. Tubbs' scores were at the 15th percentile. The table for industrial applicants in technical and production jobs was used for comparison.

## VOCATIONAL TESTING DISCUSSION

Results of Mr. Tubbs' vocational tests indicate that he, with tutoring and assistance, should be able to succeed in short-term programs at the vocational/technical level. However, I would not recommend college training. He would need to remediate his math skills and obtain a GED, but should be able to do so.

## VOCATIONAL REHABILITATION PLAN

1. Nature of Injury and Limitations

Larry Tubbs suffered an injury to his head and back when he was struck by a brick. As a result, he underwent various forms of treatment, including use of medications, physical therapy, and various diagnostic studies. Dr. Tibbs feels that Mr. Tubbs should have a ten-pound weight-lifting restriction, as far as his back injury is concerned. He also recommends Mr. Tubbs limit his bending and lifting. A Functional Capacity Evaluation placed him in the medium category of work. On the other hand, Dr. Munneke felt Mr. Tubbs did not sustain injury to his lumbar spine. Dr. McClure felt that Mr. Tubbs should be determined permanently and totally disabled until he participated in retraining to determine his permanent total disability status. Dr. Kaplan felt Mr. Tubbs had no restrictions as far as his headaches were concerned.

Based on all this information, the Court ordered Mr. Tubbs had a 5% permanent partial disability to his head and 12% to his back, with radiculopathy into the right leg, over-and-above a pre-existing 11% disability.

In short, Mr. Tubbs does have limitations and subjective complaints concerning his low back and right leg. Because of all these factors, it is my opinion Mr. Tubbs is in need of vocational rehabilitation. Therefore, the following plans are recommended:

2. Recommended Plans

**Option A** - To be coordinated and monitored by **LDH Consultants, Inc.**

| | |
|---|---|
| Location of Plan: | Great Plains Technology Center |
| Name of Plan: | Several Short-term Classes in Computer Information* |

| | | |
|---|---|---|
| Next Starting Date: | October, 2007 | |
| Length of Program: | 6-10 months | |
| Costs: Tuition: | $390- $690 | |
| Books/Supplies: | $600 | (Estimated) |
| Computer | $1200 | |
| TOTAL COST OF PLAN: | $2190- $2490 | |

** Classes include Intro to Computers, Keyboarding, Microsoft Access 2007, Excel 2007, Word 2007, Hardware I, and Hardware II. It is highly recommended that all parties understand Mr. Tubbs may require additional short-term classes, which should be determined by the vocational rehabilitation counselor, Mr. Tubbs, and the technology center as he progresses. However, it is estimated that the cost for tuition, books, supplies, and a computer will not exceed $2500.*

__Option B__ - To be coordinated and monitored by **LDH Consultants, Inc.**

| | | |
|---|---|---|
| **Location of Plan:** | **Great Plains Technology Center** | |
| **Name of Plan:** | **Long Term Care Nurse Aide Home Heath Care*** | |
| **Next Starting Date:** | **October 11, 2007** | |
| **Length of Program:** | **150 hours (five weeks)** | |
| **Costs: Tuition:** | **$315** | |
| **Books/Supplies:** | **$100** | **(Estimated)** |
| **Uniforms and Shoes:** | **$200** | |
| **Testing Fee:** | **$60** | |
| **Stethoscope** | **$25** | |
| **TOTAL COST OF PLAN:** | **$700**** | |

**** Mr. Tubbs will need to talk with school personnel and, most likely, the Oklahoma Nursing Board to determine what effects his felony may have on his ability to complete the program and obtain a license. There are instances when an individual is able to obtain a license in spite of their felony.***

*** Costs are subject to increase and do not include the cost to coordinate and monitor training.*

**Option C** - To be coordinated and monitored by **LDH Consultants, Inc.**

| | |
|---|---|
| Location of Plan: | Lawton Area |
| Name of Plan: | Job Placement |
| Next Starting Date: | Upon Referral |
| Length of Program: | 90 to 120 days following starting date |
| Costs: Job Placement: | $2,000.00 - $2,500.00 |
| TOTAL COST OF PLAN: | $2,000.00 - $2,500.00 |

Targeted jobs include, but are not limited to, cashier, carpentry supply sales, or file clerk.

3. Rationale for Plan

Mr. Tubbs, as noted earlier, would have difficulty beyond the vocational/technical level. While he is employable, it is my opinion his chances for long-term, gainful employment would be greatly enhanced by completing one of the training programs listed above to ensure continued work within his physical capabilities. Because of his self-perceived organizational skills, he should have interest in either program. Although he expressed interest in carpentry, in my opinion, the only way for him to enter this field would be through learning on the job.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct, and complete.**

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

LDH:ac/lc
A:\TUBBS.VE.wpd(ac#28)

cc: Antony C. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David P. Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

# LDH
CONSULTANTS INC.

Ann Chipman
Vice President

February 21, 2008

The Honorable Mary A. Black, Judge
State of Oklahoma Workers' Compensation Court
1915 North Stiles
Oklahoma City, Oklahoma 73105

RE: Claimant: Larry Tubbs
WCC #: 2006-02077-R

Dear Judge Black:

We received the Court Order, dated November 7, 2007, advising that vocational rehabilitation in the form of Option A, as outlined in the **LDH Consultants, Inc.** Vocational Rehabilitation Evaluation report, dated August 28, 2007, is to be provided to the claimant.

Within Option A, Short-Term Computer Classes at Great Plains Technology Center, a computer was also outlined at a cost of $1,200.00.

Mr. Tubbs and his school instructor worked jointly to put together a computer package tailored to his class schedule. His instructor recommended a Dell Computer at the cost of $1,013.11 (less than the $1,200.00 recommended and allotted). This quote was recommended and presented to AIG, Inc. for their review and approval.

Ms. DeJona Ray, Adjuster, AIG, Inc. advised our office that a computer purchase of this amount was not reasonable or necessary. She asked that Mr. Tubbs scale down the computer costs to a minimum. She also advised that Mr. Tubbs or his attorney, Antony Link, would need to purchase the computer and get reimbursed by AIG, as they could not pay the computer bill directly.

**Direct Referrals or Inquires to:**
3233 East Memorial Road
Suite #107A
Edmond, Oklahoma 73013
Telephone: (405) 848-9306
Fax: (405) 848-9312
E-Mail: LDHCONSULT@AOL.COM

**"NAVIGATING REHABILITATION - OBJECTIVES"**

Tulsa Office
4833 South Sheridan
Suite 409
Tulsa, Oklahoma 74145
Telephone: (918) 828-9726
Fax: (918) 828-9756
E-Mail: TULSALDH@AOL.COM

Judge Black - Page 2
February 21, 2008

Our office, through Julie Harvey, has attempted to resolve these issues with the Respondent's Attorney, without success, as our phone call has not been returned.

We are requesting your assistance in expediting the purchase of the computer. As we are responsible for coordinating his rehabilitation, we feel we should have the authority to provide services within the recommended costs and not have to bother the Court with such issues. In summary, Mr. Tubbs states he feels he is entitled to the entire $1,200 allotted for purchase of the computer. AIG, Inc. requests that Mr. Tubbs purchase a computer several hundred dollars less. Please advise at your earliest convenience.

Sincerely,

Lon Huff

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Antony c. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

February 21, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. "Tony" Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 06-02077-R |
| SS#: | [redacted] | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, OK |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Larry Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer class not to exceed $2,500 through Great Plains Technology Center, as well as the purchase of a computer not to exceed $1,200.00.

On January 10, 2008, this counselor received approval to assist Mr. Tubbs in enrolling in the authorized training.

**ACTIVITIES WEEK OF 1/11/08**

On January 10, 2008, we contacted Ms. Brown, Great Plains. She stated she received a copy of the Court Order, letter from AIG, and a list of classes authorized for Mr. Tubbs from our office. She stated she would check with the Financial Aid office to ensure these papers were all that were needed for Mr. Tubbs to enroll, then contact our office.

**ACTIVITIES WEEK OF 1/18/08**

On January 15, 2008, we contacted Pearl Brown at Great Plains. She stated the Financial Aid office approved the paperwork. She advised Mr. Tubbs could come enroll. We reviewed the availability of the approved courses on the internet, and contacted Mr. Tubbs. We advised he needed to enroll as soon as possible and let us know what his class schedule was. He was provided information on where to go at the school for enrollment. He stated he would go enroll.

On January 18, 2008, Pearl Brown contacted us and advised Mr. Tubbs will be required to take a Windows XP and Windows XP Intermediate class prior to taking some of his other approved courses. We advised that would be fine, as outlined in the authorization papers.

**ACTIVITIES WEEK OF 1/25/08**

On January 21, 2008, we contacted Mr. Tubbs to ensure he enrolled in the authorized short-term classes. He was enrolling in the following classes: Keyboarding - 1/22-2/28, Windows XP - 1/23-2/4, Hardware I - 1/26-3/1, Windows XP Intermediate - 2/26-3/25, and Hardware II - 3/29-5/3. He will have a few classes to take after completion of these classes. He asked about how to purchase the computer that was authorized. We advised we would contact the adjuster to determine their procedure for this purchase. We left a message for Ms. Ray, Adjuster, to determine how she wanted to purchase the a computer for Mr. Tubbs.

On January 24, 2008, Mr. Tubbs contacted our office about his need for a computer. We advised that we were waiting to hear from the Adjuster how AIG wanted to purchase the computer, and would let him know as soon as possible.

**ACTIVITIES WEEK OF 2/1/08**

On January 29, 2008, we contacted Ms. Ray to discuss the computer purchase. She stated that they would pay for a computer with the requirements of his classes at the most economical price under $1,200. She asked that we verify with the school what

requirements the classes will have to ensure the computer comes equipped to work with his classes. She stated that after the initial computer purchase, they would not purchase anything else including repairs, software, etc. It was decided that an invoice would be prepared to cover the costs of the computer chosen, then faxed to Ms. Ray for a check to be issued to the LDH office. She asked that we facilitate the payment to the computer store and assist Mr. Tubbs in purchasing an appropriate computer system. She provided us her fax number and requested that we have Mr. Tubbs sign an agreement that he agrees to accept the computer as the only computer-related purchase.

We contacted Mr. Tubbs. He stated that he wanted to purchase a desk for his computer, but we advised that a furniture purchase was not authorized. We advised that he would be provided with a computer package to meet his needs. He stated that he wanted to buy a computer that costs $1,200 including tax, as this was the amount allotted and approved for him. He stated that if he could not have a desk, he may want to purchase a lap top computer. We contacted Pearl Brown at the school and left a message asking that she provide us the computer system requirements for each course he is authorized to take, so that he can purchase the appropriate computer system. Mr. Tubbs stated he would talk with his Instructor and pick a computer system out at Staples, then call our office.

Ms. Brown returned our call and advised that Mr. Tubbs requires only a basic computer system with Microsoft Office Suite, which includes Office, Excel, Access, and Power Point. She stated that this software normally comes as a standard part of a new computer system. She advised Mr. Tubbs is coming to class and doing well.

On January 31, 2008, a preliminary Equipment Purchase Agreement was created for the computer purchase.

Pearl Brown from the technology center called and advised she was faxing computer information to our office. She advised that Mr. Tubbs had discussed his computer needs with his instructor, and he recommended a Dell computer with specifications outlined. We received the fax of the outlined computer and did extensive research to confirm the cost and components of the computer system.

We contacted Dell directly to obtain an accurate quote for the computer system. We worked with Joshua Crowe, Representative, extensively to ensure the computer system requirements. He provided us a quote of $1,013.11. We faxed the quote to the Ms. Ray at AIG. We advised that they required payment up front. We stated we would be glad to make the payment, we just needed a credit card number for the computer to be charged too. We also faxed a Purchase Agreement to her for her review, as she requested Mr. Tubbs sign an agreement for the computer.

**ACTIVITIES WEEK OF 2/8/08**

On February 5, 2008, we contacted the Adjuster at AIG and left a message for her to verify if she received the faxed quote for the computer system, and to discuss payment arrangements.

On February 6, 2008, Ms. Ray, Adjuster, left a message at our office advising she did not receive our February 1, 2008 faxed quote of the computer system. She asked that we re-fax the information.

On February 7, 2008, we re-faxed the computer quote to Ms. Ray. Mr. Tubbs called and asked if his computer was authorized. We advised the Adjuster was reviewing the request and that we would contact him if approved.

On February 8, 2008, a message was left for Ms. Ray to ensure she received the fax from February 7, 2008.

**ACTIVITIES WEEK OF 2/15/08**

On February 12, 2008, we contacted Ms. Ray to determine if the Dell computer package was authorized. She stated that they would not authorize a computer at that "excessive" cost, and that Mr. Tubbs can get a computer cheaper at Wal-Mart. They also advised they would not be able to pay for in up front, as they don't have a credit card. She advised that Mr. Tubbs needed to purchase the computer, then get reimbursed from AIG or his attorney would need to purchase the computer for him, to be reimbursed. She advised Mr. Tubbs needed to scale down the amenities on the computer package, and if he wanted more than the standard options, he would have to pay for them himself.

On February 14, 2008, Mr. Tubbs called to check on the status of his computer purchase. We advised that the carrier denied authorization, and that our office was contacting the respondent attorney to discuss the computer. We advised we would call him when we heard back from the Respondent Attorney. Mr. Tubbs advised that he is falling behind in class without a computer. He advised he also has transportation problems. He stated that he has difficulty sitting in class due to pain, and did not feel he could extend the school day. He said he did not have transportation to go to the school on non-class days. We suggested he talk to his teacher for information, so that we could work with him.

We placed a call to the respondent's attorney's office, left a message concerning Mr. Tubbs' case, and awaited a return call.

**ACTIVITIES WEEK OF2/22/08**

On February 20, 2008, we sent a letter to the Court and both attorneys requesting guidance and clarification regarding the computer purchase. We advised that a computer package recommendation under $1,200.00 had been sent to AIG and denied. We have not yet received a call from the respondent's attorney.

**RECOMMENDATIONS**

Mr. Tubbs is enrolled in short-term classes and is reporting having difficulties keeping up because he does not have a computer in his home. We have been trying to facilitate the purchase of a computer. AIG denied the request of a computer at the cost of $1,013.11. A letter has been sent to the Court for clarification. We recommend that:

1. That this consultant maintain contact with Mr. Tubbs regarding his training and attendance.

2. That this consultant wait for clarification from the Court regarding the purchase of Mr. Tubbs' computer.

3. That **LDH Consultants, Inc.** Be authorized to determine appropriate costs concerning all costs associated with Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

Larry Tubbs - Page 6
February 21, 2008

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Antony C. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

cc: DeJona Ray, Sr. Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

Lori Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

March 26, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | [redacted] | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Larry Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes, not to exceed $2,500.00, through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

Larry Tubbs - Page 2
March 26, 2008

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer (which was within the cost allowed by the Court Order) for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase.

**ACTIVITIES WEEK OF 3/21/08**

We contacted Mr. Tubbs on March 18, 2008, to determine if he had been notified any authorizations for the purchase of his computer. He stated he had not. We advised Mr. Tubbs we would try to obtain the status of a decision regarding the computer.

He stated that his father is at his home, with hospice, and he is caring for him.

Mr. Tubbs advised he was unable to complete the Keyboarding class, as he got behind because he did not have a computer in his home to practice. He stated he could not keep up with the lessons because he did not have transportation to get back to the school outside of his class time to complete his homework on the school computers. **Mr. Tubbs will need to retake the Keyboarding class.**

Mr. Tubbs completed the Windows XP course, but he did not have a final completion grade report to provide us. He also completed the Hardware I course, but, again, did not have a final completion grade report to provide us. We asked Mr. Tubbs to provide us his final grades for the courses he completed.

Although Mr. Tubbs was enrolled in Windows XP Intermediate, the class was cancelled by the school due to lack of students enrolling in that class. He is scheduled to start a Hardware II class, and is planning on attending that course.

On March 21, 2008, we contacted Mr. Link, Attorney, and left a message to determine if any communications had been received from the Court regarding Mr. Tubb's computer purchase issues.

**ACTIVITIES WEEK OF 3/28/08**

On March 25, 2008, we contacted Mr. Link's office. They advised there is a prehearing conference on March 26, 2008, to discuss the computer issues.

**RECOMMENDATIONS**

Mr. Tubbs is enrolled in short-term classes and is reporting having difficulties keeping up because he does not have a computer in his home. We have been trying to facilitate the purchase of a computer. AIG denied the request of a computer at the cost of

$1,013.11, which, as noted, is less than the cost awarded in the Court Order. A letter has been sent to the Court for clarification. We recommend that:

1. That this consultant maintain contact with Mr. Tubbs regarding his training and attendance.

2. That this consultant wait for clarification from the Court regarding the purchase of Mr. Tubbs' computer.

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning all costs associated with Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Ms. DeJona Ray, Sr. Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

cc: Antony C. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

April 28, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

Larry Tubbs - Page 2
April 28, 2008

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course.

**ACTIVITIES WEEK OF 3/28/08**

On March 28, 2008, we received a copy of the Court Order dated March 26, 2008, stating that carrier is ordered to authorize and furnish the computer as part of Option A, estimated cost of $1,200.00.

**ACTIVITIES WEEK OF 4/11/08**

On April 7, 2008, we contacted Ms. Ray, Adjuster, leaving a message for her, to advise we received a copy of the March 26, 2008, Court Order, ordering a computer. We asked her to contact us to discuss the purchase of the Dell computer system previously outlined.

**ACTIVITIES WEEK OF 4/25/08**

On April 22, 2008, we contacted Ms. Ray, Adjuster, requesting a return phone call to discuss the purchase of Mr. Tubb's computer. We contacted Mr. Tubbs. He is about to complete the Hardware II class on May 3, 2008. He stated he will need to re-take the Keyboarding class and Windows XP Intermediate after he obtains a computer. We asked Mr. Tubbs to send us his final completion grade certificate for the Hardware I class and the Windows XP class.

On April 24, 2008, we contacted Mr. Link's office to determine if they had received any communication regarding Mr. Tubbs' computer purchase. We advised we had not received communication from AIG regarding the computer.

**RECOMMENDATIONS**

Mr. Tubbs is enrolled in short-term classes and is reporting having difficulties keeping up because he does not have a computer to assist him with his homework. We have been trying to facilitate the purchase of a computer. AIG denied the initial request of a computer at the cost of $1,013.11. A letter from the Court has been received, and we are trying to facilitate the purchase of Mr. Tubbs' computer. We recommend that:

1. That this consultant maintain contact with Mr. Tubbs regarding his training and attendance.

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

June 2, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP, Hardware I, and Hardware II classes. He is awaiting a computer to complete the Keyboarding class and the Windows XP II class.

We received a Court Order dated March 26, 2008, authorizing a computer at the cost of $1,200.00. We have been in contact with AIG to facilitate the purchase of the computer, but have left several messages that have been unreturned.

**ACTIVITIES WEEK OF 5/30/08**

On May 27, 2008, we contacted Mr. Tubbs. He stated he has not received any information about the computer purchase. We asked him to send us a copy of his final grades or completion certificate of the three courses he has completed. Contact was made with Mr. Link's office to determine if they had any information about the computer purchase. They asked that we call back on May 28, 2008.

On May 28, 2008, we contacted Mr. Link's office, but he was out of the office. A message was left with Sabrina in his office.

On May 29, 2008, Mr. Link contacted our office and left a message. A return message was left for Mr. Link.

**RECOMMENDATIONS**

Mr. Tubbs was enrolled in short-term classes and reported difficulty keeping up with the class because he did not have a computer to assist him with his homework. We have been trying to facilitate the purchase of a computer. AIG denied the initial request of a computer at the cost of $1,013.11. A letter from the Court has been received, and we are trying to facilitate the purchase of Mr. Tubbs' computer. We recommend:

1. That this consultant maintain contact with Mr. Tubbs regarding his training.

2. That this consultant be contacted by AIG regarding the purchase of Mr. Tubbs' computer. ***PLEASE!***

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning Mr. Tubbs' retraining.

4. That this Consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Ms. DeJona Ray,
Sr. Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

cc: Antony C. Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

June 30, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP, Hardware I, and Hardware II classes. He is awaiting a computer to complete the Keyboarding class and the Windows XP II class.

We received a Court Order dated March 26, 2008, authorizing a computer at the cost of $1,200.00. We have been in contact with AIG to facilitate the purchase of the computer, but have left several messages that have been unreturned. We have also contacted Mr. Link's office for assistance in obtaining a computer for Mr. Tubbs, as outlined.

**ACTIVITIES WEEK OF 6/27/08**

On June 27, 2008, we contacted Mr. Tubbs. We asked Mr. Tubbs if he had received any communication regarding the purchase of a computer, and he said he had not. We advised we had not received a copy of his grades or completion certificates for the three classes he has taken, and he said he would contact the school to obtain a copy.

**RECOMMENDATIONS**

Mr. Tubbs was authorized for and enrolled in short-term classes, and reported difficulty keeping up with the classes because he did not have a computer to assist him with his homework. The computer was Court-Ordered for Mr. Tubb's training. We have been trying to facilitate the purchase of a computer. AIG denied the initial request of a computer at the cost of $1,013.11, below our estimate which was initially approved. A letter from the Court has been received again authorizing the computer purchase, and we have been trying to facilitate the purchase of Mr. Tubbs' computer. We recommend:

1. That this consultant maintain contact with Mr. Tubbs regarding his training, and that we facilitate Mr. Tubb's enrollment in the last two classes after he obtains a computer.

2. That this consultant be contacted by AIG regarding the purchase of Mr. Tubbs' computer. **PLEASE!** We have left messages for AIG regarding facilitating the computer, with no response.

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

Larry Tubbs - Page 3
June 30, 2008

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: DeJona Ray, Sr. Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

cc: Antony C. Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

**LDH**
CONSULTANTS INC.

Ann Chipman
Vice President

July 31, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP Basic, Hardware I, and Hardware II classes. He is awaiting a computer to complete the Keyboarding class and the Windows XP II class.

We received a Court Order dated March 26, 2008, authorizing a computer at the cost of $1,200.00. We have been in contact with AIG to facilitate the purchase of the computer, but have left several messages that have been unreturned. We have also contacted Mr. Link's office for assistance in obtaining a computer for Mr. Tubbs, as outlined. Mr. Tubbs has been awaiting the computer prior to completion of his short-term classes.

**ACTIVITIES WEEK OF 7/11/08**

On July 8, 2008, we received contact from Shannon Hawkins, Adjuster, at AIG, advising she would provide assistance in purchase of a computer for Mr. Tubbs.

On July 9, 2008, we attempted to contact Ms. Hawkins, and left a message for her to discuss obtaining a new computer quote.

On July 11, 2008, we left a message for Ms. Hawkins to discuss the computer purchase.

On July 28, 2008, we contacted Ms. Hawkins, Adjuster, and found that she was out of the office for a week. We spoke with Angela Tulle, Adjuster, and she provided us instructions for the purchase of a computer. She advised us to obtain a new computer quote, send them the invoice, then they would send a check to Dell for the computer to be shipped to Mr. Tubbs. We contacted Dell and obtained a new computer quote from Sales Rep, Tamra Jackson. The cost for a computer package is $1,124.08.

On July 30, 2008, we reviewed the computer quote and faxed it to Angela at AIG for payment to Dell. **NOTE: Computers are no longer being sold with the Windows XP operating systems, and now come with Windows Vista. Mr. Tubbs will need to take the Windows Vista classes instead of finishing with Windows XP II class.**

**RECOMMENDATIONS**

Mr. Tubbs was authorized for and enrolled in short-term classes, and reported difficulty keeping up with the classes because he did not have a computer to assist him with his homework. The computer was Court-Ordered for Mr. Tubbs' training. We have been

trying to facilitate the purchase of a computer. AIG denied the initial request of a computer. A letter from the Court has been received again authorizing the computer purchase. We have been facilitating the purchase of Mr. Tubbs' computer. We recommend:

1. That this consultant maintain contact with Mr. Tubbs regarding his training, and that we facilitate Mr. Tubbs' enrollment in the last classes after he obtains a computer.

2. That this consultant continue to facilitate the purchase of Mr. Tubbs' computer.

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Ms. DeJona Ray,
Sr. Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

cc: Antony C. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

September 9, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. "Tony" Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

# PROGRESS REPORT

## NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation report, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP Basic, Hardware I, and Hardware II classes. He is awaiting a computer to complete the Keyboarding class and the Windows XP II class.

We received a Court Order dated March 26, 2008, authorizing a computer at the cost of $1,200.00. Mr. Tubbs has been awaiting the computer prior to completion of his short-term classes. We submitted another quote for $1,124.08 to AIG on July 30, 2008.

**NOTE: Computers are no longer being sold with the Windows XP operating systems, and now come with Windows Vista. Mr. Tubbs will need to take the Windows Vista Basic and Intermediate classes instead of finishing with Windows XP II class.**

## ACTIVITIES WEEK OF 8/15/08

On August 14, 2008, Shannon from AIG, contacted our office and advised they needed a Tax ID number for Dell to be able to submit a check for Mr. Tubbs' computer. She stated she would consult with her legal department regarding the need for the number.

## ACTIVITIES WEEK OF 8/22/08

On August 20, 2008, we left a message for Shannon, Adjuster, to determine if she obtained the needed information to send Dell a check.

## ACTIVITIES WEEK OF 8/29/08

On August 29, 2008, we left a message for Shannon, Adjuster, to determine if she obtained the needed TAX ID number for Dell, and to offer further assistance in obtaining the computer for Mr. Tubbs. We have not received return contact from AIG.

## RECOMMENDATIONS

Mr. Tubbs was authorized for and enrolled in short-term classes, and reported difficulty keeping up with the classes because he did not have a computer to assist him with his homework. The computer was Court-Ordered for Mr. Tubbs' training. We have been trying to facilitate the purchase of a computer. AIG denied the initial request of a computer. A letter from the Court has been received again authorizing the computer

purchase. We have been facilitating the purchase of Mr. Tubbs' computer. We recommend:

1. That this consultant maintain contact with Mr. Tubbs regarding his training, and that we facilitate Mr. Tubbs' enrollment in the last classes after he obtains a computer.

2. That this consultant continue to facilitate the purchase of Mr. Tubbs' computer. **Messages have been left with AIG, with no response. Please advise.**

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Ms. Shannon Hawkins,
Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

cc: Antony C. "Tony" Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

October 6, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Fall, 2008 |

## VOCATIONAL PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.

Direct Referrals or Inquires to:
3233 East Memorial Road
Suite #107A
Edmond, Oklahoma 73013
Telephone: (405) 848-9306
Fax: (405) 848-9312
E-Mail: LDHCONSULT@AOL.COM

"NAVIGATING REHABILITATION OBJECTIVES"

Tulsa Office
4833 South Sheridan
Suite 409
Tulsa, Oklahoma 74145
Telephone: (918) 828-9726
Fax: (918) 828-9756
E-Mail: TULSALDH@AOL.COM

Larry Tubbs - Page 2
October 6, 2008

On January 10, 2008, this consultant received approval to assist Mr. Tubbs in enrolling in the authorized training. Mr. Tubbs enrolled in the authorized courses. We submitted a quote for a computer within the cost allowed by the Court Order for Mr. Tubbs, but it was denied by AIG. We were awaiting response from the Court regarding how to proceed regarding the computer purchase. Mr. Tubbs did not complete the Keyboarding class, reportedly due to the lack of a computer to aid him in completing the course. He has completed the Windows XP Basic, Hardware I, and Hardware II classes. He was awaiting a computer to complete the Keyboarding class and the Windows XP II class.

We received a Court Order dated March 26, 2008, authorizing a computer at the cost of $1,200.00. Mr. Tubbs has been awaiting the computer prior to completion of his short-term classes. We submitted another quote for $1,124.08 to AIG on July 30, 2008, and had not been contacted by AIG after numerous attempts to facilitate the purchase.

**NOTE: Computers are no longer being sold with the Windows XP operating systems, and now come with Windows Vista. Mr. Tubbs will need to take the Windows Vista Basic and Intermediate classes instead of finishing with Windows XP II class.**

We were contacted by Ms. Hawkins on August 15, 2008, concerning the need for a Tax ID Number, but have not been able to make contact with her since.

**ACTIVITIES WEEK OF 10/3/08**

On September 29, 2008, another message was left for the Adjuster, Shannon Hawkins, at AIG, as we have not received additional contact from any party regarding the purchase of the computer.

**RECOMMENDATIONS**

Mr. Tubbs was authorized for and enrolled in short-term classes, and reported difficulty keeping up with the classes because he did not have a computer to assist him with his homework. The computer was Court-Ordered for Mr. Tubbs' training. We have been trying to facilitate the purchase of a computer. AIG denied the initial request of a computer. A letter from the Court has been received again authorizing the computer purchase. We have been awaiting contact from AIG. We recommend:

1. That this consultant maintain contact with Mr. Tubbs regarding his training, and that we facilitate Mr. Tubbs' enrollment in the last classes after he obtains a computer.

2. That this consultant continue to facilitate the purchase of Mr. Tubbs' computer. **Messages have been left with AIG, with limited response. Please advise.**

3. That **LDH Consultants, Inc.** be authorized to determine appropriate costs concerning Mr. Tubbs' retraining.

4. That this consultant submit another progress report in thirty days.

**I declare, under penalty of perjury, that I have examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Julie Ann Harvey

Julie Ann Harvey, M.Ed., N.C.C., L.P.C., C.R.C.
Rehabilitation Consultant
**LDH Consultants, Inc.**

**I declare, under penalty of perjury, that I have also examined this report, and all statements contained herein are, to the best of my knowledge and belief, true, correct and complete.**

Lon Huff

Lon Huff, M.S., C.R.C., C.D.M.S., L.P.C.
Rehabilitation Consultant
President, **LDH Consultants, Inc.**

:jh

cc: Ms. Shannon Hawkins,
Claims Representative
AIG, Inc.
8144 Walnut Hill Lane
Dallas, Texas 75231

Larry Tubbs - Page 4
October 6, 2008

cc: Antony C. Link,
Attorney at Law
1501 Brookwood Avenue, Suite C
Duncan, Oklahoma 73533-1357

cc: David Reid,
Attorney at Law
Post Office Box 1710
Tulsa, Oklahoma 74101-1710

Lon Huff, C.R.C., C.D.M.S., L.P.C.
President

LDH
CONSULTANTS INC.

Ann Chipman
Vice President

November 11, 2008

The Honorable Mary A. Black, Judge
Workers' Compensation Court of Oklahoma
1915 North Stiles
Oklahoma City, Oklahoma 73105

| | | | |
|---|---|---|---|
| Claimant: | Larry Tubbs | Respondent: | Trace, Inc. |
| Attorney: | Antony C. Link | Attorney: | David P. Reid |
| Consultant: | Julie Harvey | Ins Carrier: | AIG, Inc. |
| Claim #: | [redacted] | WCC#: | 2006-02077-R |
| SS#: | | | |
| DOI: | January 26, 2006 | LDH #: | T07-0297-R |

| | |
|---|---|
| Name of Plan: | Short-Term Computer Classes |
| Location of Plan: | Great Plains Technology Center, Lawton, Oklahoma |
| Beginning Date: | Spring, 2008 |
| Completion Date: | Spring, 2009 (Extended Due to Computer Purchase) |

## VOCATIONAL PROGRESS REPORT

### NARRATIVE

On August 28, 2007, **LDH Consultants, Inc.**, completed a Vocational Evaluation for Mr. Tubbs. In November, 2007, a Court Order awarded Mr. Tubbs Option A of the Vocational Evaluation, Short-Term Computer classes, not to exceed $2,500.00 through Great Plains Technology Center, as well as the purchase of a computer, not to exceed $1,200.00.